## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**EDWARD JACKIMOWICZ,**

**PLAINTIFF,**

**V.**

Case No. _____

**CAPITAL ONE BANK (USA), N.A.,**

**DEFENDANT.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Capital One Bank (USA), N.A. ("Capital One") gives notice of its removal of this action from the Circuit Court for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division, stating as follows:

### I. INTRODUCTION

1.      On December 16, 2013, Plaintiff Edward Jackimowicz commenced this action by filing a Complaint in the Circuit Court for Lee County, Florida, Case Number 13-CA-003356. A true and correct copy of the entire state court file, including all process, pleadings and orders served on Capital One is attached hereto as Exhibit A.

2.      In the Complaint, Plaintiff alleges that Capital One placed telephone calls to Plaintiff in attempt to collect his delinquent debt. (Complaint, ¶¶ 7-11). Specifically, the Complaint alleges that Capital One made repeated and threatening telephone calls and used an automatic telephone dialing system without prior express consent. (Complaint ¶¶ 10-11). As a

result of this purported conduct, Plaintiff brings claims against Capital One for violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (*See generally* Complaint).[1]

3.      Capital One was served with the Summons and Complaint on January 14, 2014. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

4.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States. This Court has supplemental jurisdiction over any of Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL JURISDICTION

### A.      Federal Question Jurisdiction Exists Over This Action.

5.      This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

6.      Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

7.      In the introductory Paragraph of the Complaint, Plaintiff states that he is suing Capital One "for violation . . . [of] 47 U.S.C. § 227, the "TCPA" and 47 C.F.R. § 61.1200[.]" (*See* Complaint).

---

[1] Capital One denies Plaintiff is entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

8.     Additionally, Count IV of the Complaint seeks to hold Capital One liable for violations of the Telephone Consumer Protection Act (TCPA). (*See* Complaint, Count IV.)

9.     The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, --- U.S. ---, 132 S. Ct. 740, 745, 181 L.E.2d 881 (2012); *see also Balthazar v. Central Credit Services, Inc.,* 475 Fed. Appx. 716 (11th Cir. 2012).

10.     Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(b).

**B.     Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

11.     This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because these claims form part of the same case or controversy as Plaintiff's TCPA claims. (*See generally* Complaint).

12.     The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

13.     Plaintiff's FCCPA are related to the same alleged activity that forms the basis for Plaintiff's TCPA claims, i.e., alleged telephone calls made in connection with the collection of Plaintiff's account. (*See* Complaint ¶¶ 1-12, Counts I-III). *See also* 28 U.S.C. § 1367.

14.     Capital One expressly consents to this Court's jurisdiction over Plaintiff's FCCPA claims.

15.     Accordingly, these claims are related to Plaintiff's federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. PROCEDURAL REQUIREMENTS

16.     No prior application has been made for the relief requested herein.

17.     The United States District Court for Middle District of Florida, Fort Myers Division, embraces the place where this action was pending in State Court.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the Circuit Court for Lee County, Florida.

19.     All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

20.     Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 and 1.140 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

21.     To the extent remand is sought by Plaintiff or otherwise visited by this Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

Dated: January 31, 2014

Respectfully Submitted,

Joshua H. Threadcraft (FL Bar No.  96153)
Joshua.Threadcraft@burr.com
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:     205-251-3000
Facsimile:     205-413-8701

Laura Tanner (FL Bar #0085573)
Ltanner@burr.com
Burr & Forman, LLP
201 North Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: 813-221-2626
Facsimile: 813-221-7335
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2014, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system, and that I caused a copy of the foregoing to be served first class U.S. Mail, postage prepaid as designated below:

Michael Beckman
Viles & Beckman, LLC
6350 Presidential Court Suite A
Fort Myers, Florida 33919
michael@vilesandbeckman.com

Laura Tanner (FL Bar #0085573)
Ltanner@burr.com
Burr & Forman, LLP
201 North Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: 813-221-2626
Facsimile: 813-221-7335